```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-60272-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

PETER FRANCIS KELLER,               :

        Plaintiff,                  :

v.                                  :       PRELIMINARY REPORT
                                            OF MAGISTRATE JUDGE
MISS WILLIAMS, ET AL.,              :

        Defendants.                 :
_____
```

I. Introduction

The plaintiff, Peter Francis Keller, currently residing at the Bridges of Pompano, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 13].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>    the court shall dismiss the case at any time if the court determines that –
>
>    *   *   *
>
>    (B) the action or appeal –
>
>    *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

2

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

3

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names as defendants Miss Williams, the Director of the Turning Point Bridges of Pompano Work Release Center, and staff member Miss Marshal. The plaintiff alleges that on February 4, 2009 he was transferred to the work release center, and he showed Williams his prison issued special diet pass which indicated that he needed a nightly diabetic snack. He claims that Williams refused to honor the pass and threatened to send him to confinement at SFRC. He further claims that Marshal refused to assist him after he explained that he needed the snack to prevent a lapse into a diabetic coma, and she told him she didn't care about his medical condition or if he died. The plaintiff states that he was then shackled for several hours and transported to SFRC, and he suffered numbness, pain and sickness due to the lack of the snack. He claims that Williams and Marshal violated his Eighth Amendment rights and rights under the ADA, and he seeks monetary damages.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams,

4

61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate

5

indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255. For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)).

Whether a delay in treatment was tolerable "depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255; see also Adams, 61 F.3d at 1544 ("Some delay . . . may be tolerable depending on the nature of the medical need and the reason for the delay."). For instance, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances. See, e.g., Harris, 21 F.3d at 394; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Of course, in these prior cases, the medical condition is so grave, and requires such immediate medical attention, that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." Harris, 21 F.3d at 394; see, e.g., Brown, 894 F.2d at 1538 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim"). "Delayed treatment for injuries that are of a lesser

degree . . . may also give rise to constitutional claims." <u>Harris</u>, 21 F.3d at 394.

### 1. Serious Medical Need

For the purpose of this analysis, the Court will assume that the plaintiff has sufficiently alleged that he has serious medical needs.

### 2. Deliberate Indifference

The plaintiff has sufficiently alleged facts to state a claim that Williams and Marshal may have acted with deliberate indifference to his serious medical needs. The plaintiff alleges that Williams and Marshal both refused to honor a physician prescribed special diet pass for treatment of his diabetes, and he suffered numbness, pain and sickness as a result of their refusal to provide a snack and because they allowed him to be shackled for several hours.

It is therefore recommended that the claim of denial of medical care proceed against Williams and Marshal, as the plaintiff has met the <u>Twombly</u> or any "heightened pleading" standard.

### ADA Claim

The plaintiff cannot bring an ADA action against individual defendants. Title II of the ADA prohibits discrimination in services, programs, or activities of a "public entity" or

7

"discrimination by any such entity." 42 U.S.C. §12132. "Public entity" is defined in the statute as:

(A) any State or local government;

(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 502(8) of Title 45).

42 U.S.C. §12131. "Public entities" encompassed by Title II of the ADA include correctional facilities. Yeskey, supra. This section clearly does not include individuals. Mason v. Stallings, 82 F.3d 1007, 1009 (11 Cir. 1996); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172(11 Cir. 2003); see also Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8 Cir. 1999)(en banc), cert. dismissed, Alsbrook v. Arkansas, 529 U .S. 1001 (2000). Thus, the individual defendants cannot be held liable for violations of Title II of the ADA.

### III. Recommendation

For the reasons specified in the foregoing, it is recommended that:

1. The Eighth Amendment claim against Williams and Marshal proceed against them in their individual capacities.

2. The ADA claim be dismissed.

    Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

    It is so recommended at Miami, Florida, this 29th day of May, 2009.

                                                   UNITED STATES MAGISTRATE JUDGE

cc:   Peter Francis Keller, <u>Pro Se</u>
      DC No. 602200
      Bridges of Pompano
      400 SW 2nd Street
      Pompano Beach, FL 33060