UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60272-CIV-COHN

PETER FRANCIS KELLER,

Magistrate Judge White

    Plaintiff,

vs.

MISS WILLIAMS and MISS MARSHAL,

    Defendants.
_____/

**ORDER ADOPTING IN PART REPORT OF MAGISTRATE JUDGE**
**DEFENDANTS DIRECTED TO RESPOND BY NOVEMBER 23, 2009**

THIS CAUSE is before the Court upon the Report of Magistrate Judge Patrick A. White [DE 40], Plaintiff's Objections to the Report [DE 43] and Plaintiff's Second Motion for Default Judgment [DE 44]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff Peter Francis Keller ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 for the denial of his medical care while at the Pompano Work Release Center in Pompano Beach, Florida. United States Magistrate Judge Patrick While reviewed the Complaint pursuant to 28 U.S.C. § 1915e(2)(B) and concluded that Plaintiff's claims for deliberate indifference against Defendants Miss Williams and Miss Marshal should proceed, while his claims under the Americans with Disabilities Act be dismissed [DE 14]. This Court adopted that Report [DE 18].

Defendant Phyllis Webb Williams ("Miss Williams")[1] was served on July 16, 2009

---

[1] The Magistrate's Report refers to this Defendant as "Phyllis Webb," though it is clearly "Phyllis Webb Williams" in her response to the Complaint in docket entry 34.

[DE 26]. After a Clerk's default was entered against Miss Williams on September 14, 2009 [DE 33], she filed a pro se response with the Court on September 22, 2009 [DE 34]. Defendant Marshall was served on August 10, 2009 [DE 30] and filed a response on October 8, 2009 [DE 39] after the entry of a Clerk's default.

Plaintiff has moved for entry of a default judgment. The Magistrate Judge in his present report recommends that a stay of entry of default judgment be entered, and Defendants given until November 23, 2009 to hire counsel. Plaintiff objects to this recommendation, stating that Defendants are veterans of the Department of Corrections and have had more than sufficient time to respond to the Complaint. This Court notes that Defendants have in fact responded, but their responses are insufficient, as noted by the Magistrate Judge in his Report.[2]

The Court concludes that the recommendation that Defendants be given until November 23, 2009 is adopted in part. This deadline shall not just be to retain counsel, but to properly file a response to the Complaint that comports with the Federal Rules of Civil Procedure. The Complaint filed by Plaintiff, as modified by the initial Magistrate Judge Report [DE 14] (which was adopted by this Court [DE 18]) has already passed initial review. The Magistrate Judge sent a copy of his initial report to Defendants with his recent report.

Accordingly, **ORDERED AND ADJUDGED** as follows:

1.   The Magistrate Judge's Report and Recommendation [DE 40] is hereby

---

[2] To the extent Defendants' brief responses are construed as motions for a more definite statement as to the allegations of the Complaint, that motion is denied.

**ADOPTED**, but the deadline of November 23, 2009 is not only for appearance of counsel but for Defendants to properly respond to the Complaint and motions for default judgment;

2.  Failure to properly respond may result in granting of Plaintiff's motions for entry of final default judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of October, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:

Peter F. Keller
DC # 602200
Martin Corr. Inst.
1150 Allapattah Road
Indiantown, FL 34956-4310

Miss Williams
3714 SW 68th Ave.
Miami, FL 33023

Miss Marshal
400 SW 2nd Street
Pompano Beach, FL 33060